COHEN, LEDER MONTALBANO & CONNAUGHTON, L.L.C.
669 River Drive, Suite 125
Elmwood Park, New Jersey 07407
(908) 298-8800
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## NEWARK VICINAGE

| | |
|---|---|
| BOARD OF TRUSTEES OF THE TEAMSTERS: INDUSTRIAL EMPLOYEES PENSION FUND,: | Civil Action |
| Plaintiff, : | Docket No. 20 - 1250 |
| v. : | |
| PRAVATA ENTERPRISES LLC, : PRAVATA ENTERPRISES I LLC, : ABC COMPANY (a fictitious Corporation), : DEF COMPANY (a fictitious Limited Liability : Company), GHI COMPANY (a fictitious : Partnership) and JKL (a fictitious business entity): | **COMPLAINT** |
| Defendants. : | |

Plaintiff, the Board of Trustees of the Teamsters Industrial Employees Pension Fund (" TIE Pension Fund"), by way of Complaint against the Defendants, Pravata Enterprises LLC, Pravata Enterprises I LLC, ABC Company (a fictitious Corporation), DEF Company (a fictitious Limited Liability Company), GHI Company (a fictitious Partnership) and JKL (a fictitious business entity), (collectively referred to as "Defendants"), hereby states:

## STATEMENT OF THE CASE

1.  This action is commenced to recover withdrawal liability obligations, which were calculated in accordance with 29 U.S.C. §1381, and were incurred by Pravata Enterprises LLC and Pravata Enterprises I LLC (herein "Pravata") when on or about December 31, 2013 it ceased having an obligation to contribute to the TIE Pension Fund or permanently ceased all covered operations under the Plan, resulting in Pravata no longer being a contributing employer to the TIE Pension Fund.

2.  Defendants Pravata failed to make its obligated payments on the withdrawal liability due, has been defaulted, and thus is liable for the accelerated withdrawal liability owed to the Pension Fund pursuant to the EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974 ("ERISA") 29 U.S.C. §1001 et *seq.,* specifically 29 U.S.C. §§ 1381(a), 1451(a) and1451(c).

3.  Defendants ABC Company, DEF Company, GHI Company and JKL Company are jointly and severally liable for the withdrawal liability incurred by Pravata based upon the Defendants' control group, common control, status as a single employer and/or alter ego status.

## JURISDICTION

4.  This Court has subject matter jurisdiction over these claims under 28 U.S.C. § 1331, as Plaintiff's claims arise under ERISA, [29 U.S.C. §§ 1001, 1132, 1145, 1451 and 28 U.S.C. § 1367].

5.  This Court has personal jurisdiction over all Defendants pursuant to ERISA, 29 U.S.C. § 1132(e)(2), as all Defendants have established minimum contacts with the State of New Jersey and does business in the State of New Jersey.

## VENUE

6.  Venue is properly laid pursuant to 28 U.S.C. §§ 1391(a)(2) and (b)(2), and pursuant to 29 U.S.C. §§1132(e)(2) and 145I(d) since Defendants conducted, and continue to conduct, business in this judicial district and a substantial portion of the conduct and events underlying Plaintiffs' claims

occurred within the territorial jurisdiction of this Court. Venue is also properly laid as this is the district where the Funds are administered.

7. In accordance with 29 U.S.C. §1451(g), Plaintiffs will serve the Pension Benefits Guarantee Corporation (hereinafter "PBGC") with a copy of this complaint.

**The Plaintiff**

8. Plaintiff, Board of Trustees of the Teamsters Industrial Employees Pension Fund are comprised of an equal number of Union and Employer Trustees, all of whom are fiduciaries as defined by ERISA, 29 U.S.C. §§ 1002(14)(A) and 1102.

9. The TIE Pension Fund is a multi-employer employee benefit plan as defined in ERISA and administered pursuant to ERISA, 29 U.S.C. § 1001, *et. seq.* The TIE Pension Fund is maintained pursuant to a Separate Amended Agreement and Declaration of Trust.

10. The TIE Pension Fund is administered pursuant to ERISA and maintain administrative offices at Teamsters Building, 707 Summit Avenue, Union City, New Jersey 07087.

11. Pursuant to ERISA, 29 U.S.C. § 1132(a)(1)(b), the Board of Trustees of the TIE Pension are authorized to bring an action on behalf of the Plan, and their participants and beneficiaries to recover unpaid withdrawal liability assets of the Pension Fund.

**The Defendants**

12. (a)  Pravata Enterprises LLC is organized and registered as a domestic limited liability company in the State of New Jersey. At all times relevant to this action, Pravata Enterprises LLC maintained its place of business at 125 Pompton Plains Crossroads, Wayne, New Jersey 07470.

12. (b)  Pravata Enterprises I LLC is organized and registered as a domestic limited liability company in the State of New Jersey. At all times relevant to this action, Pravata Enterprises LLC maintained its place of business at 125 Pompton Plains Crossroads, Wayne, New Jersey 07470.

13. Pravata Enterprises LLC and Pravata Enterprises I LLC are owned and managed by the same individual, or individuals, operate either as a successor, joint or single entity.

14. Defendants ABC Company, DEF Company, GHI Company and JKL Company, (herein the Fictitious Business Entities), are fictitious companies which operated under common control, are members of a control group, or constitute a single employer and/or alter ego status of Pravata.

## FACTUAL BACKGROUND

15. At all times relevant to this action, Pravata has been an "Employer" within the meaning of ERISA, 29 U.S.C. § 1383.

16. On or about December 31, 2013, Pravata withdrew from the TIE Pension Fund and subsequently, the TIE Pension Fund on or about January 13, 2017 issued a Notice of Withdrawal which required Pravata to make monthly installment payments to the TIE Pension Fund, in the amount of $2,599.00, for a period of 240 months.

17. Pravata failed to make all its obligated payments, and on October 7, 2019, the TIE Pension Fund advised Pravata that it was in default of its obligation to pay withdrawal liability. The letter, sent via regular and certified mail, further advised that unless all delinquent installment payments totaling $12,995.00 were made within sixty (60) days of receipt of the letter, the entire withdrawal liability would be accelerated and would become immediately due and payable.

18.To date, withdrawal liability payments, as obligated and demanded have not been made, and the entire withdrawal liability amount has been accelerated and is now due and payable.

19. On January 2, 2020, counsel for TIE Pension Fund served upon Pravata a withdrawal liability, Information Request, as authorized by ERISA Section, which Information Reqeust is to be answered within fourteen (14) days.

20. Pravata failed to return the completed Information Request and the time to submit the completed Information Request has expired.

## FIRST COUNT-WITHDRAWAL LIABILITY

21. Plaintiff repeats each and every allegation contained in paragraphs 1 through 20 as if set forth in full herein.

22. By virtue of the collective bargaining agreement between non-party Local 560, International Brotherhood of Teamsters, and Pravata, Pravata was obligated to participate in and contribute, and did participate and make contributions, to the Pension Fund for all hours bargaining unit employees performed bargaining unit work.

23. On or about May 1, 2013, Pravata laid off all of its employees and terminated its participation in and ceased making contributions to the TIE Pension Fund.

24. The cessation of Pravata's obligation to contribute to the TIE Pension Fund was permanent and constituted a "complete withdrawal" as a contributing employer with the TIE Pension Fund, within the meaning of ERISA, 29 U.S.C. § 1383(a)(1).

25. By completely withdrawing from the TIE Pension Fund, Pravata incurred withdrawal liability to the TIE Pension Fund pursuant to ERISA, 29 U.S.C. § 1381.

26. The TIE Pension Fund issued a Notice of Withdrawal on or about January 13, 2017 which required Pravata to make monthly installment payments in the amount of $2,599.00 to the TIE Pension Fund commencing March 1, 2017.

27. Pravata failed to make all its required installment payments to the TIE Pension Fund and pursuant to ER1SA, 29 U.S.C. § 1399(c)(5), Pravata being in default, the TIE Pension Fund has accelerated Pravata's withdrawal liability payment.

28. As a result of Pravata's default and failure to cure within sixty days of notice thereof, the entire withdrawal liability amount has become accelerated and Pravata owes $358,457.00.

29. At no time relevant to this matter did Pravata request that the TIE Pension Fund conduct a review the withdrawal liability assessment.

30. At no time relevant to this matter did Pravata request, within the statutory period provided, arbitration to challenge the TIE Pension Fund's assessment of withdrawal liability or to challenge the amount of withdrawal liability assessed.

**WHEREFORE,** Plaintiff, Board of Trustees of the Teamsters Industrial Employees Pension Fund demands judgment against Defendants Pravata Enterprises LLC and Pravata Enterprises I LLC as follows:

A.  Ordering the Defendants Pravata to pay to Plaintiff, TIE Pension Fund, $358,457.00 representative of the accelerated withdrawal liability due and payable;

B.  Ordering the Defendants Pravata to pay to TIE Pension Fund $71,691.40 representative of the liquidated damages (20%) on the withdrawal liability amount;

C.  Ordering the Defendants Pravata to pay to TIE Pension Fund interest, calculated at the Fund's stated rate of 7.5% per annum simple interest from the date of default until the date payment is made;

D.  Ordering the Defendants Pravata to pay to the TIE Pension Fund court costs and attorney's fees incurred in connection with this action; and

D.  Granting to Plaintiff, TIE Pension Fund such further relief as the Court deems just and

proper.

## SECOND COUNT- INFORMATION REQUEST

31.  Plaintiff repeats each and every allegation contained in paragraphs 1 through 30 as if set forth in full herein.

32.  On January 2, 2020, counsel for TIE Pension Fund served upon Pravata a withdrawal liability Information Request, as authorized by ERISA Section, which Information Reqeust is to be answered within fourteen (14) days.

33.  Pravata failed to return the completed Information Request and the time to submit the completed Information Request has expired.

**WHEREFORE,** Plaintiff, Board of Trustees of the Teamsters Industrial Employees Pension Fund demands judgment against Defendants Pravata Enterprises LLC and Pravata Enterprises I LLC as follows:

A.   Order that Defendants, Pravata Enterprises LLC and Pravata Enterprises I LLC, within fourteen (14) calendar days from the service of this Order, to provide complete and full answers to the Information Request and serve such answers upon Plaintiff TIE Pension Fund.

B.   Order the Defendants, Pravata Enterprises LLC and Pravata Enterprises I LLC, pay to the TIE Pension Fund court costs and attorney's fees incurred in connection with this action; and

C.   Grant to Plaintiffs such further relief as the Court deems just and proper.

## THIRD COUNT- CONTROL GROUP

34.   Plaintiff repeats each and every allegation contained in paragraphs 1 through 33 as if set forth in full herein.

35.   As part of the same control group, at all times relevant, to these violations of ERISA, Pravata and Fictitious Business Entities are jointly and severally liable for this withdrawal liability.

36.   The interrelation of operations, common management and ownership constitute a single integrated enterprise or control group making them a single employer being jointly and severally liable for this withdrawal liability.

37.   Upon information and belief, Pravata and the Fictitious Business Entities are all trades and/or businesses under common control pursuant to Section 4001(b)(1) of ERISA, 29 U.S.C. §1301(b)(1), Section 414(c) of the IRC, as amended and regulations promulgated thereunder, and are jointly and severally liable for this withdrawal liability.

38.   Upon information and belief, Pravata and the Fictitious Business Entities are all owned and managed by the same control group pursuant to Section 4001(b)(1) of ERISA, 29 U.S.C. §1301(a)(14)(A), Section 414(b) of the IRC, as amended and regulations promulgated thereunder, and

which control group consisting of common owners, of individuals who are also corporate officers and/or corporate directors of the corporations.

39. Upon information and belief, the members of the limited liability companies, including Pravata and the Fictitious Business Entities, are managed by the same members and managing members, constituting a control group with all other Defendants as defined in 29 U.S.C. §1001 *et seq.*, and 26 C.F.R. §1414(c)-2(b)(2).

WHEREOFRE, Plaintiff, The Board of Trustees of the Teamsters Industrial Employees Pension Fund demands judgment against Defendants Pravata Enterprises LLC, Pravata Enterprises I LLC, and the Fictitious Business Entities as follows:

A. Declaring that Defendants Pravata Enterprises LLC, Pravata Enterprises I LLC, and the Fictitious Business Entities are all owned and managed by the same control group that exercised common financial and other discretionary control over these entities;

B. That Defendants Pravata Enterprises LLC, Pravata Enterprises I LLC, and the Fictitious Business Entities be held jointly and severally liable for the amounts of judgment, pre-judgment interest and post-judgment interest demanded as relief in Counts 1-3;

C. That Defendants Pravata Enterprises LLC, Pravata Enterprises I LLC, and the Fictitious Business Entities be held jointly and severally liable for all costs and fees incurred in this action;

D. Granting Plaintiff such further relief as the Court deems just and proper.

### FOURTH COUNT- SINGLE EMPLOYER

40. Plaintiff repeats each and every allegation contained in paragraphs 1 through 39 as if set forth in full herein.

41. Defendants Pravata Enterprises LLC, Pravata Enterprises I LLC, and the Fictitious Business Entities share common ownership and common control over financial and labor relations decisions thereby constitute a single employing entity.

WHEREOFRE, Plaintiff, The Board of Trustees of the Teamsters Industrial Employees Pension Fund demands judgment against Defendants Pravata Enterprises LLC, Pravata Enterprises I LLC, and the Fictitious Business Entities as follows:

A.   Declaring that Defendants Pravata Enterprises LLC, Pravata Enterprises I LLC, and the Fictitious Business Entities are all owned and managed by the same control group that exercised common financial and other discretionary control over these entities;

B.   That Defendants Pravata Enterprises LLC, Pravata Enterprises I LLC, and the Fictitious Business Entities be held jointly and severally liable for the amounts of judgment, pre-judgment interest and post-judgment interest demanded as relief in Counts 1-3;

C.   That Defendants Pravata Enterprises LLC, Pravata Enterprises I LLC, and the Fictitious Business Entities be held jointly and severally liable for all costs and fees incurred in this action;

D.   Granting Plaintiff such further relief as the Court deems just and proper.

## FIFTH COUNT- ALTER EGO

42.   Plaintiff repeats each and every allegation contained in paragraphs 1 through 41 as if set forth in full herein.

43.   Defendants Pravata Enterprises LLC, Pravata Enterprises I LLC, and the Fictitious Business Entities have centralized control of labor relations, common management, interrelation of operations, and common ownership and financial control.

44.   Defendants Pravata Enterprises LLC, Pravata Enterprises I LLC, and the Fictitious Business Entities are alter ego entities.

WHEREOFRE, Plaintiff, The Board of Trustees of the Teamsters Industrial Employees Pension Fund demands judgment against Defendants Pravata Enterprises LLC, Pravata Enterprises I LLC, and the Fictitious Business Entities as follows:

A.   Declaring that Defendants Pravata Enterprises LLC, Pravata Enterprises I LLC, and the Fictitious Business Entities are all owned and managed by the same control group that exercised common financial and other discretionary control over these entities;

B.   That Defendants Pravata Enterprises LLC, Pravata Enterprises I LLC, and the Fictitious Business Entities be held jointly and severally liable for the amounts of judgment, pre-judgment interest and post-judgment interest demanded as relief in Counts 1-3;

C.   That Defendants Pravata Enterprises LLC, Pravata Enterprises I LLC, and the Fictitious Business Entities be held jointly and severally liable for all costs and fees incurred in this action;

D.   Granting Plaintiff such further relief as the Court deems just and proper.

COHEN, LEDER, MONTALBANO & CONNAUGHTON, LLC
Attorneys for Plaintiff

By: _____
Paul A. Montalbano

Dated:   2/5/2020